IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-02092-LTB-MJW

GARY PATTERSON,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

    Defendant.

_____

ORDER
_____

The plaintiff, Gary Patterson, asserts claims arising out of personal injuries he allegedly suffered during his service to the defendant, the Union Pacific Railroad Company ("UP"), as a locomotive engineer. He predicates his claims upon the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et seq.*, the Locomotive Inspection Act, 45 U.S.C. §§ 22 *et seq.*, and appurtenant regulations; jurisdiction adheres pursuant to 28 U.S.C. § 1331.

UP moves for transfer to the United States District Court for the District of Nebraska. Mr. Patterson has responded. UP was granted an extension of time until December 19, 2006 to file a reply in further support of its motion, but has not done so. Nevertheless, the motion is adequately briefed and oral argument would not materially aid its resolution. For the reasons stated below, I DENY the motion.

Citing 28 U.S.C. § 404(a), UP argues that the doctrine of *forum non conveniens* commends transfer of this case. It supplies the affidavit of Mary Broad, the Claims

Representative in its General Claims Department, responsible for addressing Mr. Patterson's claim. Ms. Board avers, consistent with Mr. Patterson's own complaint, that Mr. Patterson resides in North Platte, Nebraska. Unspecified records concerning Mr. Patterson's claim are resident in its North Platte, Nebraska office. Mr. Patterson received medical treatment from doctors in North Platte and in Denver. Mr. Patterson's supervisors, Cameron Scott and Richard Wenthold, knowledgeable concerning working conditions and safety and maintenance of locomotives, reside in Nebraska. Ms. Broad identifies seven additional Nebraska residents as "fact witnesses to Plaintiff's three incidents." I take this to mean that these persons have percipient testimony to provide. However, the nature of this testimony is not revealed.

Affidavits of Mr. Patterson and his counsel, Fredric Bremseth, cast a different light. Mr. Patterson, employed with UP in 1973 and from April, 1978 until August, 2006, avers that, during the period in which he suffered his injuries, he worked exclusively on trains traveling between North Platte, Nebraska and Cheyenne, Wyoming. These trains passed through Colorado. After his alleged inhalation injury on November 18, 2004, Mr. Patterson first sought medical assistance from two doctors in North Platte, including his primary care physician, Dr. Cleve Hartman. Dr. Hartman referred Mr. Patterson to a specialist, Dr. Karin Pacheco, located in Denver. Thereafter, Dr. Pacheco provided exclusive evaluation and treatment of Mr. Patterson's inhalation injury.

Mr. Patterson claims to have suffered injury on August 24, 2006 as a result of operating a "rough riding locomotive." Dr. Hartman, after obtaining and reviewing x-ray and magnetic resonance imaging scans, referred Mr. Patterson to an orthopedic surgeon, Dr. Jeffrey Kleiner, located in Aurora, Colorado. Dr. Kleiner referred Mr. Patterson for epidural injections to Dr. Robert Wright, who administered the treatment in Westminster, Colorado. Doctors Kleiner and

Wright continue to treat Mr. Patterson.

Mr. Patterson identifies prospective witnesses resident outside of Nebraska. Phil Cardenas, Bill Lake, and Annie Hamilton, former supervisors, all reside in Cheyenne. Ron Lange, Mr. Patterson's supervisor from 1985 until 1990, lives in Phoenix, Arizona. Mr. Patterson does not explain what testimony these persons might provide.

Mr. Bremseth first states that UP's attorneys did not consult with him pursuant to D.C. Colo. L. Civ. R. 7.1.A. (No Rule 7.1 certificate appears with UP's filing.) He identifies eighteen persons who worked in the same type of locomotives as Mr. Patterson. Four of these people live in Colorado, twelve in Wyoming. He provides, among other documents, copies of Mr. Patterson's medical records, which are consistent with Mr. Patterson's recitation of the treatment he received.

Initially, I note that local Rule 7.1.A requires counsel to make a good-faith effort to confer with opposing counsel before filing motions other than motions under Rules 12 and 56 of the Federal Rules of Civil Procedure. UP's failure to satisfy this requirement provides ground for dismissal of its motion. In any event, UP's motion fails on the merits.

UP bears the burden of demonstrating that Colorado is an inconvenient forum. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The Tenth Circuit has explained how to weigh the inconvenience.

> Among the factors a district court should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other

considerations of a practical nature that make a trial easy, expeditious and economical. *Id*. at 1516.

Mr. Patterson's choice of venue carries considerable weight and, unless the balance of inconvenience is strongly in UP's favor, should not be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *Id*. at 966.

From the materials the parties have provided, I can only conclude that transfer of this case would merely shift the inconvenience from UP to Mr. Patterson. Potential witnesses are scattered around southwestern Nebraska, southeastern Wyoming, and Colorado. Though UP properly evaluates the live attendance of the Nebraska doctors as preferable to testimony by deposition, the three Colorado doctors, being specialists, are likely to have as much or more information about Mr. Patterson's purported injuries. Trial of the case in Denver would likely prove more costly for UP than trial in Nebraska. However, transfer of the case would merely shift the added expense to Mr. Patterson and those witnesses resident in Wyoming and Colorado. For these reasons, I will not disturb Mr. Patterson's choice of venue.

Accordingly, it is ORDERED that UP's motion to transfer [#4] is DENIED.

Dated: January   3  , 2007, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge